# United States Court of Appeals for the Fifth Circuit

————————————

No. 22-10980
Summary Calendar

————————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 14, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO ALANIZ-PIMENTEL,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:22-CR-22-1

————————————————————————

Before WILLETT, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Roberto Alaniz-Pimentel appeals his sentence for illegal reentry into the United States after having been removed, in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that his sentence exceeds the statutory maximum and is therefore unconstitutional because the district court enhanced his sentence under § 1326(b) based on the fact of a prior conviction

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

that was not alleged in the indictment.  However, he correctly concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and explains that he raises this issue to preserve it for further review.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).  The Government has moved without opposition for summary affirmance, or, alternatively, for an extension of time to file a brief.

Because summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.